# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**H:\2011\RDB-11-1361 leon2241(SB).docx**

DAVID LEON, # 04566-748      \*

Petitioner      \*

v      \*      Civil Action No. RDB-11-1361

J.F. CARAWAY, WARDEN      \*

Respondent      \*
           \*\*\*

## MEMORANDUM OPINION

David Leon petitions under 28 U.S.C. § 2241 to challenge a Bureau of Prisons ("BOP") determination that his request for Residential Reentry Center ("RRC") placement is premature. For the following reasons, the Court will DISMISS the Petition without prejudice.

Leon is an inmate at the Federal Correctional Institution in Cumberland, Maryland with a projected release date of May 23, 2017. [1] Leon asks in the Petition for "maximum RRC placement," although he recognizes his request for judicial review is "premature." Petition pp. 6-7.

RRC placement is governed by 18 U.S.C. § 3624(c), commonly referred to as the Second Chance Act. This statute provides that the Bureau of Prisons (BOP) shall, "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1). BOP regulations provide that inmates must be reviewed for pre-release RRC

---

[1] *See* Bureau of Prisons Inmate Locator at http://www.bop.gov; *see also* Attachment to the Petition (ARP response from Ass't Warden Graham, dated January 5, 2011).

placement 17–19 months before their projected release dates. *See e.g. Miller v. Whitehead*, 527

F.3d 752, 756 (8th Cir. 2008); *Stanko v. Obama*, 393 Fed. Appx. 849, 851, 2010 WL 3517425,

*1–2 (3d Cir. 2010) (inmate lacked standing to bring claim based on eligibility for placement in

RRC where BOP informed him that his request was premature and would be considered at his

next program review when he would be 17–19 months from the end of his sentence).

Attachments to the Petition demonstrate that the BOP has neither refused Leon review

nor denied him RRC placement, but instead has told him to wait until a later date for the

individualized consideration that he is entitled to receive under statute.[2] The earliest Petitioner

will know whether the BOP will place him in an RRC, is October of 2015, nineteen months

before his release date. Since Leon's is not eligible for RRC placement and BOP review will not

occur for at least another four years, his claims are premature. The case will be dismissed

without prejudice by separate Order.

June 16, 2011
DATE

_R.U. D. Bennett_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[2] *See* Attachment, ARP Response #619876-F1from Warden Caraway dated January 5, 2011. Leon's RRC consideration is projected to occur sometime between October and December 2015. *See id.*

2